UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MARGERY TALLEY, | |
| Plaintiff, | |
| v. | Case No.: 5:24-cv-00018 |
| VALLEY HEALTH SYSTEM, | JURY DEMAND |
| *Serve*: Walter P. Sowers, II<br>220 Campus Blvd., Ste 420<br>Winchester, Virginia 22601<br>*(Registered Agent)* | |
| Defendant. | |

## COMPLAINT

Even though Defendant Valley Health granted other exemptions to its COVID-19 vaccine mandate for its employees, it refused to grant one to Plaintiff Margery Talley, a practicing Christian. Valley Health rescinded its offer of employment to Ms. Talley after receiving and denying Ms. Talley's religious exemption request, which was rooted in her mainstream Christian objection to the use of fetal stem cells. Without explanation, Valley Health denied her request and refused to allow her any appeal from that denial. To vindicate her Title VII rights, she files this lawsuit.

## PARTIES

1. Plaintiff Margery Talley is currently a citizen of the State of West Virginia and resides in Gerrardstown, West Virginia, but was a citizen of Virginia at

all relevant times herein. She was hired by Valley Health System as a respiratory therapist II at Warren Memorial Hospital, located in Front Royal, Virginia.

2. Defendant Valley Health System ("Valley Health") is a nonstock nonprofit 501(c)(3) corporation that provides healthcare services through its organization and facilities in the Commonwealth of Virginia. Valley Health is headquartered at 220 Campus Boulevard, Suite 420, Winchester, Virginia 22601.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 because all claims arise under the laws of the United States.

4. Personal jurisdiction is proper over Defendant Valley Health because it is a citizen of Virginia.

5. Venue is appropriate because all events giving rise to the claims occurred in this district.

6. This Court possesses personal jurisdiction because both parties domicile in the Commonwealth of Virginia.

## FACTS COMMON TO ALL CLAIMS

7. Ms. Talley is an experienced and licensed respiratory therapist, and is well regarded in her field. She is also the mother to five children.

8. Ms. Talley is also a practicing Christian who stands against abortion or the experimental use of human stem cells derived from fetal tissue because those practices violate the dignity of the human person as affirmed by Ms. Talley's Christian faith.

9. She was a practicing Christian at all relevant times and is still a practicing Christian.

10. In February 2022, Ms. Talley applied to work as a respiratory therapist II for Valley Health at one of its hospitals – Warren Memorial Hospital in Front Royal, Virginia.

11. Ms. Talley received an offer of employment on or about March 15, 2022.

12. Upon receiving the offer of employment, Ms. Talley resigned from her then-current job at another health care provider on or about March 29, 2022.

13. After she received her offer of employment from Valley Health, Ms. Talley was made aware that Valley Health required its employes to receive a vaccine for COVID-19.

14. In the Spring of 2022, the only vaccines for COVID-19 available to Ms. Talley were derived through the use of fetal stem cells. Accordingly, Ms. Talley had a strong religious objection to taking the vaccine, because to take the vaccine would be to contribute to the use of fetal stem cells in pharmacological research.

15. While the COVID-19 vaccines were believed to be effective at the time of production, later research demonstrated that the vaccines failed to produce the desired effects regarding transmission and symptomatic infection. Indeed, the CDC currently does not distinguish between the vaccinated and unvaccinated in its COVID-19 guidance.

16. Therefore, in actuality, any COVID-19 vaccine mandate would have failed and did fail to produce any significant protection for employees or patients.

17. On April 12, 2022, in advance of her scheduled first day of work, Ms. Talley provided Valley Health with her religious exemption request, seeking a religious exemption from Valley Health's vaccine mandate. She provided a signed statement from her doctor and affirmed her religious beliefs as alleged above.

18. Valley Health initially scheduled Ms. Talley to start work at Warren Memorial Hospital on Monday, April 18, 2022.

19. However, on Friday, April 15, 2022, Valley Health said it was still waiting for "clearances" (likely a reference to Ms. Talley's religious exemption request) before she could start work; Ms. Talley was told not to report for work on April 18.

20. On April 18, 2022, Valley Health informed Ms. Talley that it had denied her religious exemption request, without providing any explanation whatsoever.

21. At the time Valley Health denied Ms. Talley's religious exemption requests, it had permitted other employees exemptions from the vaccine mandate.

22. In the following days, Ms. Talley asked Valley Health for more information beyond simply that my religious exemption request had been denied.

23. In response, Valley Health only told her in cursory fashion that she needed to comply with its COVID policies in order to pursue employment with Valley Health.

24. On April 20, 2022, Valley Health further told Ms. Talley that there was no appeal process following the denial of her request, and that there would be no individualized explanations for why her religious exemption request was denied.

25. In other words, Ms. Talley was denied the job – which she was already offered – because Valley Health determined that she was not entitled to a religious exemption to their vaccine mandate.

26. Bewilderingly, on May 2, 2022, Ms. Talley received a request for additional references, which was confusing because she had already been denied employment.

27. Valley Health's denial of employment left Ms. Talley in dire straits, as the mother of five children who needed to be cared for.

28. On February 13, 2023, Ms. Talley filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the equivalent Virginia state agency alleging the foregoing. Her charge was perfected on February 15, 2023. *See* 29 CFR § 1601.12(b).

29. Ms. Talley received a Notice of Right to Sue from the EEOC on December 22, 2023. She has still not yet received her Notice of Right to Sue from the Virginia state agency.[1]

## CAUSE OF ACTION

### COUNT I

**Violation of the Title VII of the Civil Rights Act of 1964**

30. Plaintiff incorporates by reference the above paragraphs as though set forth fully herein.

---

[1] When she receives such notice, she intends to amend her complaint to add the Virginia state law equivalent cause of action to her Title VII cause of action.

31. Valley Health is required to abide by Title VII's prohibitions on religious discrimination.

32. Valley Health discriminated against Ms. Talley by intentionally and erroneously rejecting her religious exemption request rooted in her Christian faith, while at the same time the granting other exemption requests under the same policy.

33. Ms. Talley was qualified for her position at Valley Health as evidenced by Valley Health's offer of employment.

34. Ms. Talley suffered an adverse employment action in the form of her being denied the position to which she was offered.

35. Other employees who asked for exemptions were granted exemptions.

36. Because the COVID-19 vaccine was determined to be not significantly effective at reducing transmission or symptoms, granting Ms. Talley's request for a religious exemption would not have been an undue hardship.

37. Valley Health failed to conduct an individualized assessment of Ms. Talley's religious exemption request.

38. Similarly, the fact that Valley Health granted other exemptions to its vaccine mandate demonstrates that it did not consider exemptions per se to be undue hardships. There was no legitimate reason why it could not extend the same to Ms. Talley.

39. Wherefore, Ms. Talley requests compensatory damages, punitive damages, and declaratory relief in the form of a declaration stating that Valley Health violated Ms. Talley's right to religious accommodation under Title VII.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant her the following relief against Defendant:

a. Damages in an amount to be determined at trial;

b. Declaratory relief;

c. Attorneys' fees, pursuant to 42 U.S.C § 1988(b); and

d. Any other relief the Court deems just and proper.

Dated: March 21, 2024          MARGERY TALLEY
*By Counsel*

Respectfully submitted,

/s/ *Benjamin F. North*
Benjamin F. North
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
ben@binnall.com

*Counsel for Plaintiff*